## Rufus B. Bradford & another vs. Frank J. Tinkham & others.

*Under St. 1852, c. 312, it cannot be proved in defence of an action on a check, that it was given for intoxicating liquors sold in violation of St. 1852, c. 322, § 19, unless that defence is specified in the answer.*

ACTION OF CONTRACT on a check alleged to have been drawn by the defendants, as partners under the name of Tinkham, Adams & Co. on the 22d of August 1854. At the trial in the court of common pleas at December term 1855, it appeared that the check was given in payment for intoxicating liquors sold under such circumstances that the defendants contended the sales were illegal, and that the plaintiff therefore could not maintain his action. The plaintiff contended that this ground of defence was not open to the defendants, because it was not specified in the answer. But *Mellen*, C. J. ruled otherwise. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*F. H. Dewey*, for the plaintiffs. The defendant, not having set forth the illegality of the sales in his answer, should not have been allowed to avail himself of it on the trial. *St.* 1852, *c.* 312, §§ 14, 15, 18. *Granger* v. *Ilsley*, 2 Gray, 521. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541.

*P. E. Aldrich*, for the defendants. The consideration of the contract declared upon being an illegal sale of intoxicating liquors, the contract was void, and by the express statute provision, the price, if it had been paid, could be recovered back. *St.* 1852, *c.* 322, § 19. The illegality of the contract need not therefore be specified in the answer. *Hulet* v. *Stratton*, 5 Cush. 539. *Dixie* v. *Abbott*, 7 Cush. 610. The rule of pleading, adopted in those cases, has not been changed by the provisions of *St.* 1852, *c.* 312, as applied to the case of a contract declared void by statute, except in an action on the common counts or on account annexed, as to which the statute contains specific provisions. *Granger* v. *Ilsley*, 2 Gray, 521

DEWEY, J. The provisions of the *St.* of 1852, *c.* 312, §§ 12, 14, 18, have changed the rules of pleading which were previously in force in this commonwealth, and require the evidence at the trial to be limited to the defences set forth in the answer, thus securing more effectually full notice to the plaintiff of the matters in issue, and of the specific grounds upon which the defence is to be placed.

This change was distinctly recognized in the case of *Granger* v. *Ilsley,* 2 Gray, 521, in an action of contract for the sale of goods, where the defendant offered to show illegality in the sale because it was in violation of a statute, but this court held that any defence which went to show that the transaction was void or illegal in its inception, or that the goods were sold contrary to law, must be specified in the answer. Though that case did not directly decide this case arising upon a check, yet the reasons are the same for applying the rule requiring this ground of defence to be distinctly specified in the answer, if the party would rely upon it.

In *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541, and *Haskins* v. *Hamilton Mutual Ins. Co.* 5 Gray, 432, the same principles were affirmed, upon full consideration.  *Exceptions sustained.*